Slip Op. 15-54

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| P.F. STORES, INC., <br><br>    Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE AND VAUGHAN-BASSETT FURNITURE COMPANY, INC., <br><br>    Defendant-Intervenors. | Before: Claire R. Kelly, Judge <br><br>Court No. 14-00200 |

**OPINION**

[Granting Defendant's and Defendant-Intervenors' motions to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction.]

Dated: June 9, 2015

Josh Levy, Peter S. Herrick, P.A., of Florida, argued for Plaintiff. On the brief was Peter Stanwood Herrick.

Douglas Glenn Edelschick, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for Defendant. With him on the brief were Joyce R. Branda, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Shana Ann Hofstetter, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

J. Michael Taylor, King & Spalding, LLP, of Washington, DC, argued for Defendant-Intervenors. With him on the brief were Daniel Lawrence Schneiderman and Joseph W. Dorn.

Kelly, Judge:  This matter is before the court on Defendant's, United States, and Defendant-Intervenors', American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc., motions to dismiss.  Plaintiff, P.F. Stores, Inc. ("Plaintiff" or "PF Stores"), argues the court has 28 U.S.C. § 1581(i) (2012)[1] jurisdiction because the U.S. Department of Commerce's ("Commerce") actions resulted in Plaintiff's entries being deemed liquidated.  Defendant and Defendant-Intervenors argue the court lacks subject-matter jurisdiction because Plaintiff failed to avail itself of adequate judicial remedies under 28 U.S.C. § 1581(a).  The court finds that it lacks subject-matter jurisdiction to hear Plaintiff's claims and dismisses Plaintiff's complaint for the reasons set forth below.

## BACKGROUND

PF Stores is an importer of wooden bedroom furniture manufactured in China by Dream Rooms Furniture (Shanghai) Co. Ltd. ("Dream").  See Compl. ¶¶ 1, 4–5, Aug. 26, 2014, ECF No. 2 ("Pl.'s Compl.").  PF Stores' entries were subject to the third administrative review of the antidumping order on wooden bedroom furniture from the People's Republic of China, covering entries made in 2007.  See Wooden Bedroom Furniture from the People's Republic of China, 74 Fed. Reg. 41,374 (Dep't Commerce Aug. 17, 2009) (final results of antidumping duty administrative review and new shipper reviews).  Dream filed suit in this Court contesting the results of the third administrative review and obtained an injunction against liquidation of its entries on September 22, 2009.

---

[1] Further citations to Title 28 of the U.S. Code are to the 2012 edition.

See Pl.'s Compl. ¶¶ 6–7, Ex. A. The injunction provided that the subject entries "shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided in section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e) (2006)." Pl.'s Compl. Ex. A at 2.

The court consolidated Dream's action with five other actions contesting the results of the third administrative review on November 6, 2009. Def.'s Mot. Dismiss & App. DA40, Dec. 3, 2014, ECF No. 14 ("Def.'s Mot. & App."). After several remands, the court sustained Commerce's third remand results on February 5, 2013. See Lifestyle Enterprise, Inc. v. United States, 37 CIT __, __, 896 F. Supp. 2d 1297, 1299 (2013). Two parties to the consolidated action, not including Dream, appealed the court's slip opinions. See Def.'s Mot. & App. DA33–DA34 (docket listing notices of appeal).

On June 13, 2013, the Lifestyle court granted an unopposed motion made by the Defendant-Intervenors in this case, to sever and deconsolidate three of the previously consolidated actions, including Dream's action. See Def.'s Mot. & App. DA34, DA42–43. The court further ordered that Dream's injunction was "hereby amended as follows . . . all entries exported by Orient International Holding Shanghai Foreign Trade Co., Ltd. and Dream Rooms Furniture (Shanghai) Co., Ltd. shall be liquidated without delay in accordance with this Court's February 5, 2013 final judgment for the period January 1, 2007 to December 31, 2007 . . . ." Id. at DA43

In a message dated June 25, 2013, Commerce issued instructions to U.S. Customs and Border Protection ("CBP") to liquidate entries of furniture exported by Dream during 2007 at a final rate of 216.01%. See Pl.'s Compl. ¶ 10, Ex. B at 1. In

September 2013, CBP liquidated the entries imported by Plaintiff and exported by Dream at the rates provided in these instructions. Def.'s Mot. & App. DA46, DA49. Plaintiff filed protests arguing that the entries it imported from Dream were deemed liquidated pursuant to Section 504(d) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1504(d) (2012),[2] six months from the court's February 5, 2013 slip opinion. Id. at DA44–DA49. CBP denied these protests on May 21 and June 5, 2014. Id. at DA46, DA49.

Plaintiff does not challenge the denial of its protests in this action. Rather, Plaintiff argues that it challenges various Commerce actions for which the court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1581(i) because the court could not have jurisdiction pursuant to 28 U.S.C. §§ 1581(a) or (c). See Pl.'s Mot. Opposing Def.'s Mot. Dismiss 3–4, Feb. 6, 2015, ECF No. 19 ("Pl.'s Opp'n Def.'s Mot. Dismiss").[3]

---

[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2012 edition.

[3] Plaintiff enumerated three counts in its complaint: (1) Commerce's liquidation instructions were null and void because they were issued beyond the ten day period prescribed in 19 U.S.C. § 1675(a)(3)(C) for Commerce to transmit to the Federal Register for publication the final disposition and to issue instructions to the Customs Service with respect to the liquidation of entries pursuant to the review, and thus, the subject entries should be "deemed liquidated" pursuant to 19 U.S.C. § 1504(d); (2) the period for deemed liquidation under 19 U.S.C. § 1504(d) is triggered when final results of the third remand are published in the Federal Register, and here, final results of the third remand were never published in the Federal Register, thus, the entries should be treated as having been liquidated under § 1504(d); and (3) pursuant to the Administrative Procedure Act, 5 U.S.C. § 702 ("APA") Commerce's instructions were erroneous because they were untimely and never published in the Federal Register, thus, the subject imports were deemed liquidated. See Pl.'s Compl. ¶¶ 13–20.

## JURISDICTION

"The Court of International Trade, like all federal courts, is a court of limited jurisdiction." See Sakar Int'l, Inc. v. United States, 516 F.3d 1340, 1349 (Fed. Cir. 2008). A party invoking the court's jurisdiction bears the burden of establishing it and may not expand jurisdiction by creative pleading. Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006). It is well-settled that a party may not invoke jurisdiction under § 1581(i) "when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987) (citations omitted). Thus, the court must look to the "true nature of the action" to determine whether jurisdiction under § 1581(i) exists. Norsk Hydro Can., 472 F.3d at 1355.

## DISCUSSION

As indicated above, Plaintiff claims jurisdiction exists pursuant to 28 U.S.C. § 1581(i), the Court of International Trade's residual jurisdiction, which provides:

> (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--
>
> (1) revenue from imports or tonnage;
> (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
> (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.
>
> This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 or by a binational panel under article 1904 of the North American Free Trade Agreement or the United States-Canada Free-Trade Agreement and section 516A(g) of the Tariff Act of 1930.

28 U.S.C. § 1581(i). The true nature of Plaintiff's claims involves a protestable CBP decision regarding liquidation and/or deemed liquidation, therefore § 1581(a) jurisdiction would not have been manifestly inadequate.

Plaintiff asserts, in each of its three counts, that its entries were deemed liquidated pursuant to 19 U.S.C. § 1504(d). See Pl.'s Compl. ¶¶ 13–20. Plaintiff argues that deemed liquidation occurred as a result of a failure of Commerce to: 1) comply with a statutory time period for issuing liquidation instructions, 2) publish notice of a final disposition in the Federal Register, or 3) issue valid liquidation instructions in violation of the APA. Id. All of these "deemed liquidation" theories essentially argue that administrative errors caused CBP to liquidate entries it should not have liquidated. However, a decision by CBP as to liquidation is a protestable CBP decision regardless of any administrative errors which Commerce may have committed prior to CBP's decision. While CBP makes no decision as to the substance of Commerce's instructions, i.e., antidumping duty rates, the decision as to when to implement those instructions through the process of liquidation belongs to CBP. See, e.g., Cemex, S.A. v. United States, 384 F.3d 1314, 1324 (Fed. Cir. 2004)

(footnotes omitted) (explaining that Customs makes no decision in calculating antidumping duties, but makes a decision regarding liquidation).

> Section 1504(d) provides:
>
> (d) Removal of suspension
> Except as provided in section 1675(a)(3) of this title, when a suspension required by statute or court order is removed, the Customs Service shall liquidate the entry, unless liquidation is extended under subsection (b) of this section, within 6 months after receiving notice of the removal from the Department of Commerce, other agency, or a court with jurisdiction over the entry.  Any entry (other than an entry with respect to which liquidation has been extended under subsection (b) of this section) not liquidated by the Customs Service within 6 months after receiving such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted by the importer of record or (in the case of a drawback entry or claim) at the drawback amount asserted by the drawback claimant.

19 U.S.C. § 1504(d).  Section 1514(a)(5) specifically identifies decisions under § 1504(d) as protestable decisions.  It provides that CBP decisions,

> including the legality of all orders and findings entering into the same, as to--
> . . .
>
> (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 of this title or section 1504 of this title;
> . . .
>
> shall be final and conclusive upon all persons . . . unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title.

19 U.S.C. § 1514(a)(5).  Pursuant to 19 U.S.C. § 1515, CBP reviews protests of CBP decisions listed in 19 U.S.C. § 1514, and the Court of International Trade reviews actions

contesting the denial of such protests under its 28 U.S.C. § 1581(a) jurisdiction. Therefore, under 19 U.S.C. § 1514(a)(5), Plaintiff could have protested the liquidation based upon a claim that the goods had already been deemed liquidated and contested any denial of such a protest under 28 U.S.C. § 1581(a). While Plaintiff protested CBP's liquidation of its entries pursuant to § 1514(a)(5), it did not file a claim at this Court contesting the denial of its protests. As Plaintiff did not pay the duties and interest due upon liquidation, it did not meet the jurisdictional prerequisites for bringing an action to challenge the denial of a protest. See 28 U.S.C. § 2637(a). However, as the U.S. Court of Appeals for the Federal Circuit has held, jurisdiction under § 1581(i) is not appropriate "when jurisdiction under another subsection of § 1581 is or could have been available . . . ." Miller, 824 F.2d at 963 (citations omitted). Thus, Plaintiff's claims must be dismissed for lack of jurisdiction because a remedy under § 1581(a) would not have been manifestly inadequate.

The Court of Appeals addressed deemed liquidation claims in Fujitsu Gen. Am., Inc. v. United States, 283 F.3d 1364, 1373–76 (Fed. Cir. 2002). In Fujitsu, the plaintiff argued that the Court of International Trade had § 1581(i) jurisdiction to review its untimely protested deemed liquidation claims. Id. The plaintiff filed several protests with Customs, contesting interest assessed on its entries. Id. at 1369. Subsequently, the plaintiff filed supplemental letters with Customs claiming that its merchandise had been deemed liquidated pursuant to 19 U.S.C. § 1504(d) at the rate claimed at the time of entry. Id. at 1369–70. The plaintiff's deemed liquidation theory was rejected because the plaintiff "could have invoked the jurisdiction of the Court of International Trade under 28 U.S.C.

§ 1581(a) if, pursuant to 19 U.S.C. § 1514(a)(5), it had timely protested the liquidations . . . ." Id. at 1374. At the time of Fujitsu, the clause "including the liquidation of an entry, pursuant to either section 1500 or section 1504 of this title" was not in 19 U.S.C. § 1514, and, yet, the Court of Appeals held that decisions as to deemed liquidation were protestable and not subject to § 1581(i) jurisdiction. The subsequent amendment of the statute to explicitly include "section 1504" in the text only confirmed the Court of Appeals' holding. See Alden Leeds Inc. v. United States, 476 Fed. App'x 393, 397 (Fed. Cir. 2012).

    Responding to Defendant's motion to dismiss, Plaintiff argues that § 1581(c) is not available because it is not challenging the final results of an administrative review, but rather Commerce's "automatic assessment procedure." Pl.'s Opp'n Def.'s Mot. & App. 6. The court agrees in part with Plaintiff's argument. Plaintiff could not have brought its claims in a § 1581(c) case. As Plaintiff explains, "[i]t had no objections to the Court's June 2013 order." Id. at 7. Moreover, as Plaintiff explains, "[t]here is no dispute that Commerce's liquidation instructions are consistent with both the final results and the court's June, 2013 order." Id. at 8. However, this does not save Plaintiff because as discussed above, Plaintiff's claims are a challenge to CBP's decision as to liquidation, or deemed liquidation. CBP liquidated Plaintiff's entries at the rate specified in Commerce's liquidation instructions. Thereafter, Plaintiff filed protests with CBP, arguing that the entries had already been deemed liquidated at the rate asserted at the time of entry because liquidation occurred more than six months after the Lifestyle court issued its opinion on February 5, 2013. See Def.'s Mot. & App. 7, DA44–45, 47–48. In denying Plaintiff's protests, CBP determined that the goods had not been deemed liquidated at

the entered rate. CBP found that pursuant to 19 U.S.C. § 1504(d), it had not received notice that suspension of liquidation had been removed until Commerce issued liquidation instructions on June 25, 2013. See id. at 7, DA46, DA49. According to CBP, the six month deadline for deemed liquidation had not yet passed when CBP liquidated Plaintiff's entries. Id. Any objection Plaintiff had to CBP's decision would have formed the basis of a claim under 28 U.S.C. § 1581(a) pursuant to 19 U.S.C. § 1514(a)(5).

Plaintiff incorrectly claims that it is challenging a Commerce decision. Pl.'s Opp'n Def.'s Mot. & App. 6. Each of its deemed liquidation theories rest upon the foundation that something other than Commerce's liquidation instructions on June 25, 2013 served as notice to Customs and triggered the running of the six months deemed liquidation timeframe provided by 19 U.S.C. § 1504. If, under Plaintiff's theories, something other than Commerce's instructions triggered the six month time frame but Customs did not acknowledge it, that would have been Customs' error. The court does not reach the question of whether these theories of notice have merit. However, the true nature of Plaintiff's claim is that Customs failed to act as required by 19 U.S.C. § 1504(d) and that is a protestable decision.

Responding to Defendant-Intervenors' motion to dismiss, Plaintiff argues "[Plaintiff] did not file a section 1581(a) claim in this Court *supra*. Therefore, the [sic] 1581(a) was not a viable option for [Plaintiff]." Pl.'s Mot. Opposing Def.-Intervenors' Mot. Dismiss 4, Feb. 6, 2015, ECF No. 20 ("Pl.'s Opp'n Def-Intervenors' Mot. Dismiss"). Plaintiff's reasons for not filing a § 1581(a) claim, not having "the $190,000 in duties and interest to pay prior to the filing of the summons, and, more importantly [that] there was no Customs error in

the liquidations," fall flat. Pl.'s Opp'n Def-Intervenors' Mot. Dismiss 3–4. Plaintiff's inability to pay the duties necessary to file a § 1581(a) claim do not make remedies available under § 1581(a) inadequate. See Int'l Custom Prods., Inc. v. United States, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (citations omitted). Moreover, as the court discussed above, the true nature of Plaintiff's claims is that CBP incorrectly liquidated its merchandise. That CBP decision is protestable. Plaintiff's argument that "there was no Customs error in the liquidations" does not change the fact that it is complaining about a CBP decision to liquidate the goods. Plaintiff's artful pleading and responses to motions to dismiss do not set forth a claim for which the court has subject-matter jurisdiction.

Plaintiff unpersuasively attempts to analogize its claims and the facts of this case to a "proactive" version of the facts of United States v. Cherry Hill Textiles, Inc., 112 F.3d 1550 (Fed. Cir. 1997). Plaintiff argues that Fujitsu "would be inapplicable where as here [Plaintiff] is, *inter alia*, in essence defending a possible government enforcement action." Pl.'s Opp'n Def-Intervenors' Mot. Dismiss 5. In Cherry Hill, the Court of Appeals allowed the defendant importer and surety to pursue a deemed liquidation theory as an affirmative defense in an enforcement action brought by the government. The facts and reasoning of that case are inapplicable. The entire reasoning of the case was premised on the fact that defendants were involved in a government enforcement action, not pursuing a claim against the government. Cherry Hill, 112 F.3d at 1552.

Plaintiff's attempt to analogize to Shinyei Corp. of Am. v. United States, 355 F.3d 1297 (Fed. Cir. 2004), also must fail. As Defendant explains, Plaintiff's argument challenging liquidation instructions pursuant to Shinyei Corp. is faulty because

Court No. 14-00200                                                                                                   Page 12

"Commerce's liquidation instructions are consistent with both the final results and the Court's June 2013 order that directed liquidation without delay."  Def.'s Mot. & App. 13.  As indicated above, Plaintiff concedes this in its brief.  See Pl.'s Opp'n Def.'s Mot. Dismiss 8.  None of the other cases Plaintiff cites to support this argument persuade the court either.  The distinguishing factor in all those cases is that the party challenged the substance of Commerce's liquidation instructions, not CBP's decision to liquidate.  See Shinyei Corp., 355 F.3d at 1306 (explaining that the plaintiff's action challenged the rate in Commerce's liquidation instructions as inconsistent with a final court decision, a Commerce decision not listed in 19 U.S.C. § 1516a); Mitsubishi Elecs., 44 F. 3d at 977 (denying jurisdiction under § 1581(a) because the plaintiff's challenge was to Commerce's decision as to the rates in its liquidation instructions).

      For the foregoing reasons, Plaintiff's claims are dismissed with prejudice.  The court will issue a judgment in accordance with this opinion.


                                               /s/ Claire R. Kelly
                                              Claire R. Kelly, Judge

Dated: June 9, 2015
      New York, New York